**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Curtis Alan Young,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>　　　　　Defendant. | No. CV-19-08095-PCT-DLR<br><br>**ORDER** |

Plaintiff Curtis Young seeks judicial review of the Social Security Administration's decision to deny his application for a period of disability and disability insurance benefits. (Doc. 12.) Plaintiff's Title II application, alleging disability beginning April 1, 2015, was denied initially on July 9, 2015 and upon reconsideration on December 8, 2015. Plaintiff requested an administrative hearing before an administrative law judge ("ALJ"), which took place on September 20, 2017. (Doc. 11-3 at 69-91.) On January 5, 2018, the ALJ issued a decision finding Plaintiff—despite suffering from severe impairments including degenerative disc disease of the lumbar spine and diabetes—could perform jobs that exist in significant numbers in the national economy. (*Id.* at 14-28.) Plaintiff argues that, in denying his application, the ALJ committed reversible error by (1) improperly rejecting the opinion of his treating physician, Dr. Mary Janikowski, D.O. and (2) failing to support her adverse credibility finding with specific, clear and convincing reasons.

The Court has jurisdiction pursuant to 42 U.S.C. § 405(g) and reviews only those

issues raised by the party challenging the ALJ's decision.  *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001).  The ALJ's determination will be upheld unless it contains harmful legal error or is not supported by substantial evidence.  *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).  Having reviewed the parties' briefs and the administrative record, the Court affirms.

  1. The ALJ provided specific and legitimate reasons, supported by substantial evidence in the record, for rejecting the opinion of Plaintiff's treating physician, Dr. Janikowski.  *See Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).  In an August 19, 2015 work release form, Dr. Janikowski opined that Plaintiff could not lift over 5-10 pounds and could not bend or stoop. (Doc. 11-8 at 58.)  The ALJ discounted this opinion, explaining that it is contrary to the record.  *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004) (An ALJ may discredit the opinion of a treating physician that is unsupported by the record as a whole).  In support, she cites numerous exhibits, which she underscores suggest that Plaintiff "had no muscle weakness, no sensory or reflex loss, and [no] significant abnormality in his gait or palpable muscle spasms." (Doc. 11-3 at 26.)  In addition, the ALJ noted that Dr. Janikowski's assessment is not supported by her own clinical findings that conclude that Plaintiff had normal strength, movement and gait.  (*Id.*)  *See Connett v. Barnhart*, 340 F.3d 871, 874-75 (9th Cir. 2003) (An ALJ may properly reject the opinion of a treating physician whose treatment notes contradict or do not support the functional restrictions ultimately assessed).  In sum, the ALJ's specific and legitimate rationale for rejecting Dr. Janikowski's opinion is supported by substantial evidence.

  2. The ALJ provided the requisite specific, clear and convincing reasons supported by substantial evidence in the record for rejecting Plaintiff's subjective reporting concerning the severity of his symptoms.  *See Brown-Hunter v. Colvin*, 806 F.3d 487, 489 (9th Cir. 2015).  The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the symptoms alleged by Plaintiff but concluded that Plaintiff's statements concerning the intensity, persistence, and limiting effects of the symptoms are inconsistent with the evidence.  *Burch v. Barnhart*, 400 F.3d 676, 681 (9th

Cir. 2005). Plaintiff alleged that he could not lift or carry any weight, could only do physical activity for 15 minutes before resting, struggled to bend, stoop or squat, and had to lay down twice a day for 1-1.5 hours because of constant pain and fatigue.

In rejecting the purported severity of Plaintiff's limitations, the ALJ noted that while Plaintiff testified to needing a cane to balance, no physician had prescribed it to him and records did not find gait abnormality. The ALJ further explained that Plaintiff's activities, such as cleaning his bedroom and bathroom, driving, and going grocery shopping were inconsistent with his extreme assertions of physical activity limitations. Also, the ALJ described that reports finding a lack muscle atrophy inconsistent with Plaintiff's allegations that he largely avoided muscle use and movement to evade pain. Rather, the ALJ noted that the record demonstrates "the claimant had normal strength, no weakness, and was able to get on and off the examination table without difficulty, which would be difficult for someone with debilitating pain." (Doc. 11-3 at 23.) In sum, the ALJ provided clear and convincing reasons supported by substantial evidence that adequately justify her adverse credibility determination. *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161-62 (9th Cir. 2008). Because the ALJ's decision is free of harmful legal error and reasonably supported by the evidence,

**IT IS ORDERED** that the final decision of the Social Security Administration is **AFFIRMED**. The Clerk shall enter judgment accordingly and terminate this case.

Dated this 8th day of October, 2020.

Douglas L. Rayes
United States District Judge